PARKER, Chief Judge.
J.M.A. appeals his sentence for trespass and larceny of electrical power from a utility. We reverse for insufficient evidence and direct the trial court to enter a judgment of acquittal.
The only witness the State presented at the adjudicatory hearing was an investigator in the security department of Tampa Electric Company (TECO). The investigator testified that in July 1997, TECO removed an electric meter and disconnected service to Apartment A in a Tampa apartment duplex. The investigator subsequently determined that someone other than TECO had reconnected the electricity. In September 1997, the investigator went to the apartment duplex and observed lights in the windows of Apartment A, which was located on the second floor. The investigator examined the meter, which was located on the outside wall of the first floor, and observed that the meter in the socket for Apartment A was assigned to a different address. The investigator went to Apartment A and confronted J.M.A. about the meter, which J.M.A. would have to pass on his way to the apartment. J.M.A. denied any knowledge of meter tampering. He explained that he had lived in the apartment for seven months and had been giving his girlfriend money to pay for the electricity.
At the end of the testimony, J.M.A. moved for a judgment of acquittal, arguing that there was no evidence that he intended to steal electricity and that the evidence did not rebut his reasonable hypothesis of innocence. The trial court denied the motion and found J.M.A. guilty of trespass and larceny with respect to utility fixtures, in violation of section 812.14(2)(c), Florida *28 Statutes (1997). On appeal, J.M.A. correctly argues that the trial court erred in denying his motion for judgment of acquittal for lack of sufficient evidence.
Section 812.14(2)(e), Florida Statutes (1997), prohibits the following conduct:
Use or receive the direct benefit from the use of a utility knowing, or under such circumstances as would induce a reasonable person to believe, that such direct benefits have resulted from any tampering with, altering of, or injury to any connection, wire, conductor, meter, pipe, conduit, line, cable, transformer, amplifier, or other apparatus or device owned, operated, or controlled by such utility, for the purpose of avoiding payment.
(emphasis added). J.M.A. does not challenge the State’s assertion that the apartment received electricity as a result of tampering with the utility connection for the purpose of avoiding payment. Instead, J.M.A. asserts that the State presented no proof that he knew or should have known that the electricity was provided illegally.
The State argues that the following evidence proves that J.M.A. knew or should have known of the tampering: (1) J.M.A. had resided in Apartment A for the past seven months; (2) during that time, TECO had disconnected service for nonpayment; and (3) the meter at Apartment A was assigned to a different address. However, this evidence does not establish that J.M.A. knew or should have known that the electricity resulted from meter tampering. While the TECO investigator testified that J.M.A. would have to pass the meter on his way to the apartment, there was no testimony that the appearance of the meter should have alerted J.M.A to the tampering. Additionally, J.M.A. testified that he gave money to his girlfriend for the electricity each month. The State presented no testimony to refute this hypothesis of innocence. There was no testimony regarding the number of occupants of the apartment or that J.M.A. was even aware that the electricity had at one time been disconnected. Accordingly, there was no evidence that J.M.A. knew or should have known about the meter tampering and electricity theft.
Reversed and remanded with directions to the trial court to grant J.M.A.’s motion for judgment of acquittal.
PATTERSON and NORTHCUTT, JJ., Concur.